UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAUREEN S. ECKERT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:12-CV-1403 (CEJ) |
| AMERICAN NATIONAL RED CROSS, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant American National Red Cross to dismiss Counts II and IV of the complaint. Plaintiff has filed a response in opposition to the motion and the issues are fully briefed.

I.  **Background**

A.  **Plaintiff's Employment**

Plaintiff Maureen Eckert was employed by defendant American Red Cross[1] in July 2008 as a "sample management supervisor." She alleges that she was subjected to harassment by fellow supervisor, Joe Worch. Plaintiff alleges that Worch screamed at her, made false allegations about her to superiors, altered her work records, spoke negatively about her to other employees, and called her racist and derogatory names. In 2008 or 2009, another employee complained about Worch's inappropriate racial and sexual comments to defendant's human resources department.

---

[1]Plaintiff names as defendants American National Red Cross and three of its divisions or affiliates: American Red Cross Missouri-Illinois Blood Services Region, American Red Cross St. Louis National Testing Laboratory, and John Doe Entity. Plaintiff refers to the defendants collectively as "the American Red Cross," and summons was issued only for the American National Red Cross.

On June 2, 2010, plaintiff submitted a written complaint regarding Worch's behavior to her superior, Linda Rapp. During a meeting with Rapp, plaintiff stated that she overheard Worch tell another employee, "These niggers don't know what they're doing -- she has to go." *Complaint* ¶ 26. She also told Rapp that she was afraid that Worch might physically harm her. Plaintiff alleges that after she complained, Worch's harassment of her intensified. She also alleges that she was required to attend anger management counseling.

A written warning was issued to Worch on June 28, 2010, stating: "Recent investigation consisting of interviews . . . substantiate reports of inappropriate and unprofessional communication, characterized as harassment and resulting in a hostile workplace." *Complaint* ¶ 30. On July 27, 2010, Worch yelled at an employee; a final written warning was issued on August 9, 2010. On August 14, 2010, Worch again yelled at an employee; he was terminated on September 27, 2010.

In early 2011, defendant demanded that plaintiff "verify her credentials, including her [college] degree." *Complaint* ¶ 38. On February 24, 2011, plaintiff was terminated, allegedly for failing to verify her credentials.

B. **Plaintiff's Charges of Discrimination and Lawsuit**

On July 26, 2010, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). [Doc. #7-1]. Plaintiff checked the boxes indicating that the discrimination was based on race and retaliation. In the narrative section, plaintiff stated that after she complained about Worch's harassment to Linda Rapp, Rapp "allowed [Worch] even more freedom to harass me and . . . change my work. He changed my work on July 17, 2010 and I was held accountable for him changing my work." She stated that she believed that she was being

discriminated against on the basis of her race and "in retaliation for participating in the EEO process."

Plaintiff filed a second charge of discrimination on March 20, 2012. [Doc. #7-2]. In the narrative section, she restated her earlier complaints and added the following:

> On or about July 26, 2010, I filed a Charge of Discrimination based on the aforementioned acts of harassment. On or about February 24, 2011, I was terminated from my employment . . . for pretextual reasons and in retaliation for filing a Charge of Discrimination.
>
> I believe that I was discriminated against based on my race and in retaliation for participating in the EEO process in violation of my civil rights under Title VII.

A right-to-sue letter was issued on April 6, 2012. [Doc. #7-3]. On July 6, 2012, plaintiff filed suit in the Twenty-Second Judicial Circuit Court of Missouri (St. Louis City). She asserted claims of racially hostile work environment and retaliatory discharge pursuant to the Missouri Human Rights Act (MHRA), Mo.Rev.Stat. §§ 213.010 *et seq.*, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and 42 U.S.C. § 1981. Defendant removed the action to this Court on August 7, 2012, and now moves to dismiss plaintiff's retaliatory discharge claims based on the MHRA and Title VII (Counts II and IV, respectively), arguing that she failed to exhaust her administrative remedies with respect to these claims because she waited too long after her termination to file the amended charge of discrimination.

II. Discussion

In order to initiate a claim under Title VII and the MHRA a party must timely file a charge of discrimination with the administrative agency and receive a right-to-sue letter. Stuart v. General Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000). Plaintiff was required to file her charge of discrimination within 300 days of the allegedly discriminatory occurrence under Title VII and within 180 days under the MHRA.

Holland v. Sam's Club, 487 F.3d 641, 643 (8th Cir. 2007) (citing 42 U.S.C. § 2000e—5(e)(1) and Mo.Rev.Stat. § 213.030). Plaintiff's amended charge filed on March 20, 2012, was based on her termination on February 24, 2011. The amended charge thus was filed more than 300 days after the allegedly improper termination and is not timely.

However, the amended charge may be deemed timely if it relates back to the original charge.

> A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received.

29 C.F.R. 1601.12(b); see also 8 C.S.R. 60-2(5) (amendments of complaints filed with MHRA shall relate back to the date of the original complaint where they allege "additional acts which constitute unlawful discriminatory practices related to or growing out of the subject matter of the original complaint."). In Washington v. Kroger, 671 F.2d 1072, 1076 (8th Cir. 1982), the Eighth Circuit considered an employer's argument that the plaintiff's second charge of discrimination was untimely because it was filed more than two years after the plaintiff's termination. As in this case, Washington filed her first charge of discrimination, alleging discrimination based on sex, while still employed. Her second charge of discrimination alleged discrimination based on her race. The Eighth Circuit determined that the second EEOC charge related back to the first charge. "The fact that the second complaint filed with the EEOC alleges a basis for discrimination different from that alleged in the first EEOC charge is not dispositive here, where the aggrieved person is a non-lawyer who may be unaware of the true basis for the allegedly discriminatory acts until an investigation has been made. . .

[P]rocedural requirements should not be applied with an unrealistic or technical stringency to proceedings initiated by uncounselled complainants." Id.; see also Anderson v. Block, 807 F.2d 145, 148 (8th Cir. 1986) (where additional act of discrimination alleged in new charge relates back to prior charges, an untimely administrative charge may be treated as an amendment to the earlier charge); Dumas v. Kroger Ltd. Partnership, No. 4:12CV206 DPM, 2012 WL 3528972, at *2 (E.D. Ark., Aug. 14, 2012) (plaintiff's second charge of discrimination, which added a claim of age discrimination, related back to the earlier-filed race and gender charge and thus was timely filed).

In the instant case, plaintiff's second charge reasserted her initial claims of race discrimination and retaliation for participating in the employer's EEO process and added a claim that she was terminated in retaliation for filing her first charge of discrimination. The second charge alleges "additional acts . . . related to or growing out of the subject matter of the original charge." See 29 C.F.R. § 1601.12(b). The Court finds that, under Washington, plaintiff's second charge asserting retaliation relates back to the first charge and is timely.

Defendant argues that plaintiff's reliance on Washington is misplaced and asserts that plaintiff's claims are more properly analyzed under National RR Passenger Corp. v. Morgan, 536 U.S. 101 (2002), and Richter v. Advance Auto Parts, Inc., 636 F.3d 847 (8th Cir. 2012). In Morgan, the Supreme Court held that:

> [D]iscrete discriminatory acts are not actionable if time barred, even when they are related back to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180- or 300-day period after the discrete discriminatory act occurred.

Morgan, 536 U.S. at 113.

In Richter, the Eighth Circuit considered an employee's claims under Title VII and the MHRA that she was terminated from her employment in retaliation for an earlier-filed charge of discrimination. Richter filed a charge of discrimination alleging that she was demoted because of her race and sex. She then told a superior that she had filed the charge and her employment was terminated two days later. When the EEOC issued Richter a right-to-sue notice on her discrimination charge, she filed suit bringing retaliation claims. Richter, 686 F.3d at 849-50. The Eighth Circuit rejected Richter's argument that claims relating to "direct retaliation" were exempt from exhaustion requirements because they were "like or reasonably related" to the claims presented to the EEOC. Id. at 851. Although "[t]his notion found favor with our court for a time," id. (citing Wentz v. Maryland Cas. Co., 869 F.3d 1153 (8th Cir. 1989), after Morgan, the circuit court "recognized that 'retaliation claims are not reasonably related to underlying discrimination claims.'" Id. (quoting Wedow v. City of Kansas City, Mo., 442 F.3d 661, 672-73 (8th Cir. 2006)).

Defendant argues that Morgan and Richter establish that plaintiff was required to file her second charge of discrimination within 180 or 300 days of her termination in order to exhaust her retaliatory discharge claim. The Court believes that this is an unwarranted extension of Morgan and Richter -- neither plaintiff in these cases filed a second charge of discrimination to challenge the new discriminatory acts. Thus, Richter and Morgan do not directly apply to the issue presented in this case and answered in Washington -- whether the second charge "relates back" to the timely-filed first charge.

Defendant argues in the alternative that the amended charge in this case does not "grow out" of the original discrimination charge because it asserts a new, discrete,

act (termination) based on a new theory of liability (retaliation). Defendant's argument would have some appeal but for the fact that, in the first charge of discrimination plaintiff alleged both that she was subjected to a hostile environment on the basis of her race <u>and</u> that she was retaliated against for engaging in the EEO process. The second charge, alleging that she was terminated for taking the further step of filing a charge with the EEOC, grows out of the original charge and thus relates back. The Court concludes that plaintiff administratively exhausted her retaliation claims under Title VII and the MHRA.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss Counts II and IV of the complaint [Doc. #6] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of November, 2012.